Nash, J.
 

 The only question, presented for the consideration of this Court, is as to the admissibility of testimony. The case shews that the defendant, Holcombe, had a judgment and execution against one Loudermilk. The execution was levied on the horse in question, claimed by the plaintiff and sold by the defendant. To prove his title, the plaintiff called Loudermilk, as a witness, who stated that he had sold or swapped another horse, belonging to the plaintiff, for the one in question. The difference in value between the two animals was thirty dollars, which he paid to the owner of the other horse, and the plaintiff gave him a credit on his book for that amount. The plaintiff was a merchant. The transaction between the plaintiff and witness was impeached on the ground of fraud. To corroborate the testimony of
 
 *306
 
 Loudermilk, the plaintiff offered his book to prove, that he had entered the credit, as deposed to. There was a verdict for the defendant and from the judgment thereon the plaintiff appealed.
 

 We think the Court below erred in rejecting the evidence. As a general rule, it is admitted that a man cannot manufacture evidence for himself.; but the evidence offered here does not touch upon it. For if the entry was made at the time it is alleged to have been, it was against the interest of the plaintiff, as it was an acknowledgment, eifher of a subsisting debt due to Loudermilk or of a discharge from it. The fact, offered to be proved by the plaintiff, was not offered in chief, but in reply, to support the witness, whose veracity was impeached by the opposing party, and to rebut the imputation of fraud and want of a consideration, by shewing that the credit was entered as he had stated. The effect of the evidence, if admitted, was another question, for another tribunal. If, instead of entering the credit on his book, the plaintiff had given the witness a reeeipt for it, or a note promising to pay it — would it not have been competent for him to sustain the credit of the witness, by shewing the one or the other? We think, unquestionably it would. If so, why is not the entry in the book evidence ? We can see no difference in principle in these cases and the one under consideration, except that, in the present case, the evidence of the fact was in the custody of the plaintiff; in the others, in that of the witness. In deciding this question, we are bound to presume, that the plaintiff was prepared to prove every thing, necessary to make the book evidence. Our attention is called to the single question, as to the admissibility of the entry, for the purpose for which it was tendered. We think his Honor erred in rejecting it. Evidence, which is not proper in chief, may become so in reply. Until a witness’ testimony is impeached, the party producing him cannot shew, that he
 
 *307
 
 has stated the same facts at a previous time. So neither in the case of a person, who is prosecuted for larceny, can the State show that he is a man of bad character, until he has laid a foundation for the evidence, by attempting to show his good character.
 

 Per Curiam. Judgment, reversed and
 
 venire de novo.